# IN THE COURT OF APPEALS OF IOWA

No. 22-0469
Filed June 7, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ARTHUR GRIFFIN, JR.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, John D. Telleen, Judge.

Arthur Griffin Jr. appeals from his conviction for domestic abuse assault, third or subsequent offense. **AFFIRMED.**

David James Hanson of Hofmeyer & Hanson, P.C., Fayette, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Tabor, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**VOGEL, Senior Judge.**

Arthur Griffin Jr. appeals from his conviction for domestic abuse assault, third offense, as a habitual offender.  He contends that recordings from a 911 call and a police body camera were impermissibly admitted into evidence in violation of his rights under the federal and state confrontation clause.  We reject Griffin's arguments, finding the evidence nontestimonial, and affirm the district court.

## I.      Background Facts and Proceedings

Early in the morning of October 23, 2020, M. called 911 to report her "baby daddy" Arthur Griffin Jr. had just bit her on her nose and hands and tried to stab her with a knife.  She also reported she was currently hiding in an apartment building and Griffin was waiting for her right outside.  Officer Cory Hughes with the Davenport Police Department responded to the call.  Shortly after he arrived, M. approached and spoke to him outside the apartment building.  After back up officers arrived, Griffin was located inside the building and arrested.  Officer Hughes's body camera recorded his interaction with M. and the search for and arrest of Griffin.

The State charged Griffin with domestic abuse assault as a third offense under Iowa Code section 708.2A (2020), with a habitual-offender enhancement under Iowa Code sections 902.8 and 902.9.  Griffin proceeded to trial in December 2021.  Over his objections, the trial court admitted edited recordings of the 911 call and Officer Hughes's body camera video.  The only persons to testify were Officer Hughes and the deputy director of the 911 dispatch center, who provided foundation for the 911 call.  The jury found Griffin guilty of domestic abuse assault, and he stipulated to having prior convictions for two domestic abuse assault

charges and two felonies. The court entered judgment for domestic abuse assault, third or subsequent offense, as a habitual offender, and sentenced him to a term of incarceration not to exceed fifteen years. He appeals.

## II. Standard of Review

We review constitutional issues, including claimed violations of the confrontation clause, de novo. *State v. Smith*, 761 N.W.2d 63, 68 (Iowa 2009).

## III. Analysis

Griffin argues both the 911 call and Officer Hughes's body camera video should have been excluded under the confrontation clause of the federal and state constitutions. Generally, both the United States and Iowa constitutions bar the "admission of testimonial statements of a witness who did not appear at trial unless [the witness] was unavailable to testify and the defendant had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004); *see also State v. Kennedy*, 846 N.W.2d 517, 522–23 (Iowa 2014). However, admission of nontestimonial statements does not violate the confrontation clause. *Kennedy*, 846 N.W.2d at 522–23. Whether a statement qualifies as testimonial hinges on "whether, in light of all the circumstances, viewed objectively, the 'primary purpose' of the conversation was to 'creat[e] an out-of-court substitute for trial testimony." *Ohio v. Clark*, 576 U.S. 237, 245 (2015) (alteration in original) (quoting *Michigan v. Bryant*, 562 U.S. 344, 358 (2011)).

As to the 911 call, Griffin argues the call was testimonial and should have been excluded because the emergency was over when the call was made and M. was unavailable to testify at trial. Generally, 911 calls are nontestimonial, and we evaluate the primary purpose of a recording at the time the recording was made.

*See Davis v. Washington*, 547 U.S. 813, 827 (2006) ("A 911 call . . . is ordinarily not designed primarily to 'establis[h] or prov[e]' some past fact, but to describe current circumstances requiring police assistance." (alterations in original)). M.'s statements during the 911 call show the emergency was ongoing as she requested immediate police assistance. In her call, M. reported that she had just fled the apartment building, that Griffin was waiting outside for her, and that she could not return home because of Griffin's presence right outside the apartment building. Therefore, the primary purpose of the 911 call was a nontestimonial request for emergency assistance, and admission of the 911 call does not violate Griffin's confrontation-clause rights.

As to the body camera video, Griffin only objected at trial to admission on hearsay grounds. Because he never objected to the body camera video as violating his confrontation-clause rights, he cannot raise this argument on appeal. *See State v. Myers*, 799 N.W.2d 132, 147 (Iowa 2011) ("Issues on appeal not raised in the district court are deemed waived."). To the extent he also challenges admission of the video under his due process rights, he similarly did not raise this argument below and cannot now raise it on appeal. *See United States v. Avila*, 719 F. App'x 591, 594 (9th Cir. 2017) (considering the defendant's "due process confrontation right against the government's good cause").

**AFFIRMED.**